FILED _____ LODGED
RECEIVED _____ COPY

JAN 31 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

MICHAEL BAILEY
United States Attorney
District of Arizona
CRAIG H. RUSSELL
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: craig.russell@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | 19-CR-01390-TUC-RM |
| Plaintiff, | |
| | PLEA AGREEMENT |
| vs. | |
| Mildred Nelson, | (Fast Track U.S.S.G. § 5K3.1) |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to Count One of the Indictment charging the defendant with a violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i), Conspiracy to Transport and Harbor Illegal Aliens for Profit, a felony.

## ELEMENTS OF THE OFFENSE AND SENTENCING FACTOR

1.      There was an agreement between two or more persons to commit at least one of the following offenses: (1) the offense of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), that is, there was an agreement by all or some of the co-conspirators, knowing or in reckless disregard of the fact that aliens had come to, entered, or remained in the United States in violation of law, would knowingly transport or move such aliens within the United States by means of transportation or otherwise, in furtherance of such violation of law, or (2) the offense of harboring illegal aliens in violation of 8

1  U.S.C. § 1324(a)(1)(A)(iii), that is, there was an agreement by all or some of the co-
2  conspirators, knowing or in reckless disregard of the fact that aliens had come to, entered,
3  or remained in the United States in violation of law, would knowingly conceal, harbor, or
4  shield from detection such aliens in any place, including any building or any means of
5  transportation.

6     2.   The defendant became a member of the conspiracy knowing of at least one
7  of its objects, that is, the transportation or harboring of illegal aliens, and intended to
8  accomplish at least one of said objects.

9     3.   The defendant became a member of the conspiracy for the purpose of
10 commercial advantage or private financial gain.

11                    STIPULATIONS, TERMS AND AGREEMENTS
12                              Maximum Penalties

13    A violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii), 1324(a)(1)(A)(iii)
14 and 1324(a)(1)(B)(i), is punishable by a maximum fine of $250,000.00, or a maximum
15 term of imprisonment of ten (10) years, or both, plus a term of supervised release of three
16 years and a special assessment of $100. The special assessment is due and payable at the
17 time the defendant enters the plea of guilty, and must be paid by the time of sentencing
18 unless the defendant is indigent. If the defendant is indigent, the special assessment will
19 be collected according to Title 18, United States Code, Chapters 227 and 229.

20    The defendant will pay upon conviction an additional $5,000 special assessment
21 pursuant to 18 U.S.C. § 3014(a), unless the Court determines that the defendant is indigent.

22                        Agreements Regarding Sentence

23    1.   The government will dismiss the remaining counts in the indictment against
24 Mildred Nelson in the present case and will dismiss the indictment in CR-19-01895-
25 TUC-JAS with prejudice.

26    2.   Guideline Calculations: Although the parties understand that the Guidelines
27 are only advisory and just one of the factors the Court will consider under 18 U.S.C. §
28 3553(a) in imposing a sentence, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties

stipulate and agree that the below guideline calculations are appropriate for the charge for which the defendant is pleading guilty:

| | | |
|---|---|---|
| Base Offense Level: | 2L1.1(a)(3) | 12 |
| Number of Aliens: | 2L1.1(b)(2) | +3 |
| Prior Immigration Conviction: | 2L1.1(b)(3) | +2 |
| Acceptance of Responsibility: | 3E1.1(a)&(b) | -3 |
| Early Disposition/Government Savings: | 5K3.1/5K2.0 | -2 |
| Total Adjusted Offense Level: | | 12 |

3.    <u>Sentencing Range</u>: Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the government and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, based on the defendant's criminal history category (CHC):

| | |
|---|---|
| CHC I: | a sentencing range of 10-16 months' imprisonment. |
| CHC II: | a sentencing range of 12-18 months' imprisonment. |
| CHC III: | a sentencing range of 15-21 months' imprisonment. |
| CHC IV: | a sentencing range of 21-27 months' imprisonment. |
| CHC V: | a sentencing range of 27-33 months' imprisonment. |
| CHC VI: | a sentencing range of 30-37 months' imprisonment. |

4.    The defendant may withdraw from the plea agreement if he/she receives a sentence that exceeds the stipulated ranges listed above.

5.  If the defendant moves for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement.  If the defendant argues for a variance under 18 U.S.C. § 3553(a) in support of a sentence request below the stipulated range in this agreement, the government may oppose the requested variance.  The government, however, will not withdraw from the agreement if the defendant argues for, and the Court grants, a variance below the stipulated range in this agreement.

6.  The parties agree that the defendant was an average participant in the offense for the purpose of role analysis under U.S.S.G. §§ 3B1.1 and 3B1.2.

7.  If the Court, after reviewing this plea agreement, concludes any provision is inappropriate under Fed. R. Crim. P. 11(c)(5), it may reject the plea agreement, giving the defendant, in accordance with Fed. R. Crim. P. 11(d)(2)(A), an opportunity to withdraw the defendant's guilty plea.

1        8.   The defendant recognizes that pleading guilty may have consequences with

2  respect to his/her immigration status if defendant is not a citizen of the United States.

3  Under federal law, a broad range of crimes are removable offenses, including the offense(s)

4  to which defendant is pleading guilty.  Removal and other immigration consequences may

5  be the subject of a separate judicial or administrative proceeding, and the defendant has

6  discussed the direct and collateral implications this plea agreement may have with his or

7  her defense attorney.  Defendant nevertheless affirms that he/she wants to plead guilty

8  regardless of any immigration consequences that this plea may entail, even if the

9  consequence is defendant's automatic removal from the United States.

10  Plea Addendum

11        This written plea agreement, and any written addenda filed as attachments to this

12  plea agreement, contained all the terms and conditions of the plea.  Any additional

13  agreements, if any such agreements exist, shall be recorded in a separate document and

14  may be filed with the Court under seal.  Accordingly, additional agreements, if any, may

15  not be in the public record.

16  Waiver of Defenses and Appeal Rights

17        Provided the defendant receives a sentence not to exceed 57 months' imprisonment,

18  the defendant waives any and all motions, defenses, probable cause determinations, and

19  objections that the defendant could assert to the information or indictment, or to the petition

20  to revoke, or to the Court's entry of judgment against the defendant and imposition of

21  sentence upon the defendant providing the sentence is consistent with this agreement.  The

22  sentence is in accordance with this agreement if the sentence imposed is within the

23  stipulated range or below the stipulated range if the Court grants a variance. The defendant

24  further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2)

25  any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742

26  (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested

27  variance; (4) any right to collaterally attack defendant's conviction and sentence under 28

28  U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for

1   modification of sentence, including under 18 U.S.C. § 3582(c).   The defendant
2   acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack
3   the defendant might file challenging his/her conviction or sentence in this case.  If the
4   defendant files a notice of appeal or a habeas petition, notwithstanding this agreement,
5   defendant agrees that this case shall, upon motion of the government, be remanded to the
6   district court to determine whether defendant is in breach of this agreement and, if so, to
7   permit the government to withdraw from the plea agreement.  This waiver shall not be
8   construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of
9   "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-
10  01 (2015)).

11                       <u>Reinstitution of Prosecution</u>

12          Nothing in this agreement shall be construed to protect the defendant in any way
13  from prosecution for perjury, false declaration or false statement, or any other offense
14  committed by the defendant after the date of this agreement.  In addition, if the defendant
15  commits any criminal offense between the date of this agreement and the date of
16  sentencing, the government will have the right to withdraw from this agreement.  Any
17  information, statements, documents and evidence which the defendant provides to the
18  United States pursuant to this agreement may be used against the defendant in all such
19  proceedings.

20          If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any
21  court in a later proceeding, the government will be free to prosecute the defendant for all
22  charges as to which it has knowledge, and any charges that have been dismissed because
23  of this plea agreement will be automatically reinstated.  In such event, the defendant waives
24  any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth
25  Amendment to the Constitution as to the delay occasioned by the later proceedings.
26  Defendant agrees that the stipulated sentencing ranges set forth under "Agreements
27  Regarding Sentence" will not be offered if prosecution is re-instituted.

28

                                    - 5 -

1  Disclosure of Information to U.S. Probation Office

2  The defendant understands the government's obligation to provide all information

3  in its file regarding defendant to the United States Probation Office. The defendant fully

4  understands and agrees to cooperate fully with the United States Probation Office in

5  providing all information requested by the probation officer.

6  Effect on Other Proceedings

7  I further understand that if I violate any of the conditions of my supervised release,

8  my supervised release may be revoked. Upon such revocation, notwithstanding any other

9  provision of this agreement, I may be required to serve a term of imprisonment or my

10  sentence may otherwise be altered.

11  WAIVER OF DEFENDANT'S RIGHTS

12  I have read each of the provisions of the entire plea agreement with the assistance

13  of counsel and understand its provisions. I have discussed the case and my constitutional

14  and other rights with my attorney. I understand that by entering my plea of guilty I will be

15  giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and

16  compel the attendance of witnesses; to present evidence in my defense; to remain silent

17  and refuse to be a witness against myself by asserting my privilege against self-

18  incrimination; all with the assistance of counsel, to be presumed innocent until proven

19  guilty beyond a reasonable doubt, and to appeal. This waiver shall not be construed to bar

20  an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial

21  misconduct."

22  I agree to enter my guilty plea as indicated above on the terms and conditions set

23  forth in this agreement.

24  I have been advised by my attorney of the nature of the charge to which I am entering

25  my guilty plea. I have further been advised by my attorney of the nature and range of the

26  possible sentence.

27  My guilty plea is not the result of force, threats, assurance or promises other than

28  the promises contained in this agreement. I agree to the provisions of this agreement as a

- 6 -

1   voluntary act on my part, rather than at the direction of or because of the recommendation

2   of any other person, and I agree to be bound according to its provisions.

3   I agree that this written plea agreement contains all the terms and conditions of my plea

4   and that promises made by anyone (including my attorney) that are not contained within

5   this written plea agreement are without force and effect and are null and void.

6       I am satisfied that my defense attorney has represented me in a competent manner.

7       I am not now on or under the influence of any drug, medication, liquor, or other

8   intoxicant or depressant, which would impair my ability to fully understand the terms and

9   conditions of this plea agreement.

10   FACTUAL BASIS AND SENTENCING FACTOR

11       I agree that the following facts accurately describe my conduct in connection with

12   the offense to which I am pleading guilty and that if this matter were to proceed to trial the

13   government could prove these facts beyond a reasonable doubt:

14   **Factual Basis**

15-19   From a time unknown to on or about May 26, 2019, at or near Ajo, in the District of Arizona, Mildred Nelson and Darren Thomas, knowingly conspired and agreed with each other and with other persons known and unknown, to transport and harbor at illegal aliens. Specifically, from January 24, 2019 to May 26, 2019, Nelson and Thomas were knowingly harboring illegal aliens in their residence to assist the aliens in avoiding detection by immigration authorities until being transported further into the United States. Nelson arranged for the aliens' pickup and transportation from the Nelson and Thomas residence.

20-22   The conspiracy ended on May 26, 2019, when Nelson was driving a gray pickup truck in tandem with a Kia Sportage. The Kia had two illegal aliens in the vehicle. Nelson knew the aliens were in the Kia, and had arranged for their pickup and transportation, from the Nelson and Thomas residence.

23-26   Nelson and Thomas knew the illegal aliens they harbored and transported had not received prior authorization from the United States to come, enter, remain, or reside in the United States. They intended to assist the aliens in remaining in the United States unlawfully by concealing them in their residence, and arranging for their transportation further into the United States. During the conspiracy, Nelson and Thomas were being paid to harbor and transport at least six illegal aliens.

27   Mildred Nelson was previously convicted of Conspiracy to Transport Illegal Aliens for Profit in Case Number 13-CR-00428-TUC-CKJ.

28

- 7 -

I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.

Date: 1/31/20

*Mildred Nelson*

Mildred Nelson
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal.  No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement.  I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client.  I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

~~I translated or caused to be translated this agreement from English into Spanish to the defendant on the_____day of_____, _____.~~

Date: 1/31/20

Eric S. Manch, Esq.
Attorney for Defendant

- 8 -

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

Date: __1/31/2020__

CRAIG H. RUSSELL
Assistant U.S. Attorney

- 9 -